UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward B. Bennett, | ) C/A No. 8:11-01437-HFF-JDA |
| Petitioner, | ) ) ) |
| v. | ) Report and Recommendation ) |
| Al St. Lawrence, | ) ) |
| Respondent. | ) ) |

Edward B. Bennett (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Chatham County Jail in Savannah, Georgia, originally filed this action *in forma pauperis* under 28 U.S.C. § 1915 in the United States District Court for the Southern District of Georgia, Savannah Division.[1] The case was subsequently transferred to this Court on June 13, 2011. Petitioner alleges a violation of his right to a speedy trial. ECF No. 6, pages 4, 6. Having reviewed the Petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

At the time the instant action was filed, Petitioner was a detainee in a Savannah, Georgia, detention center. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner indicates that he was released from a federal prison in Jesup, Georgia, on May 10, 2011. ECF No. 6, page 6. Petitioner was then sent to the Chatham County Jail in Savannah due to a detainer issued by Charleston County, South Carolina, for a "probation violation and violation of check law." *Id.* Thus, Petitioner was detained pending disposition

of his South Carolina charges. As Petitioner indicates that an ongoing state criminal proceeding exists, the first prong of the abstention test is satisfied. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criteria, the Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on

4

direct appeal. *Id.* at 443. *See also United States v. MacDonald*, 435 U.S. 850 (1978); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 at *2 (4th Cir. Feb. 10, 1993)(finding district court should abstain from considering a speedy trial claim pursuant to *Younger*, even if the case were properly exhausted); *Dickerson*, 816 F.2d at 226-27. Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

Finally, it is noted that it is unclear from the pleading whether Petitioner fully exhausted his state remedies prior to filing this case. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). On June 23, 2011, an Order was issued, which provided Petitioner an opportunity to demonstrate exhaustion by answering Special Interrogatories. ECF No. 15. The document was returned to the Court marked "undeliverable" on July 11, 2011. ECF No. 17. Thus, it appears Petitioner has been released from the Chatham County Jail.[3]

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the Petition *without prejudice* and without requiring the respondents to file an answer. *See Allen v. Perini*, 424

---

[3] Petitioner has not provided the Court with a new address.

F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  The Petitioner's attention is directed to the important notice on the next page.

<u>s/Jacquelyn D. Austin</u>

Jacquelyn D. Austin
United States Magistrate Judge

August 10, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).