IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | | |
|---|---|---|
| Edward B. Bennett, | ) | |
| | ) | C.A. No. 8:11-01437-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Al St. Lawrence, | ) | |
| Respondent. | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation (Dkt. # 20). The *pro se* Petitioner, a pretrial detainee at the Chatham County Jail in Savannah, Georgia, originally filed this action *in forma pauperis* under 28 U.S.C. § 1915 in the United States District Court for the Southern District of Georgia, Savannah Division. Petitioner was sent to the Chatham County Jail due to a detainer issued by Charleston County. The case was subsquently transferred to this Court on June 13, 2011. In his Petition (Dkt. # 6, at 4, 6), Petitioner alleged a violation of his right to a speedy trial. The Magistrate Judge's Report and Recommendation, filed on August 10, 2011, recommends that Defendant's Petition (Dkt. # 6) be dismissed without prejudice and without requiring the Respondent to file an answer. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.

1

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation (Dkt. # 20 at 7).   However, Petitioner filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The record reveals that Petitioner was advised by order dated June 23, 2011, of his responsibility to notify the court in writing if his address changed. (Dkt. # 15).    On August 10, 2011, the Magistrate Judge filed the Report and a copy of it was placed in the mail addresses to Petitioner.  The mail was returned and marked undeliverable with a stamp stating Petitioner no longer lived at the address.  (Dkt. # 24).   As Petitioner is proceeding pro se, the court mailed a

second copy on August 19, 2011, and this mail was also returned undeliverable with a stamp stating Petitioner no longer lived at the address. (Dkt. # 29). Furthermore, Petitioner has not objected to the Magistrate's recommendation that this action be dismissed. Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action.

Accordingly, this action is **DISMISSED** with prejudice for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 10, 2011

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.