IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | | |
|---|---|---|
| Edward B. Bennett, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. 8:11-01437-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden MacDougall | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation (Dkt. # 20) and Petitioner's Motions to Appoint Counsel (Dkt. # 46) and for Summary Judgment (Dkt. # 48). Petitioner, a pro se inmate, originally filed this habeas action pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia, Savannah Division. The case was subsequently transferred to this court on June 13, 2011, and Petitioner's motion to proceed in forma pauperis under 28 U.S.C. § 1915 was granted on June 23, 2011. (Dkt. # 14).

In his Amended Habeas Petition (Dkt. # 6, at 4, 6), Petitioner alleges a violation of his right to a speedy trial. The Magistrate Judge's Report and Recommendation, filed on August 10, 2011, recommends that the Petition be dismissed without prejudice and without requiring the Respondent to file an answer. (Dkt. # 20). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates that portion of the Magistrate Judge's Report and Recommendation herein without a recitation.[1]

---

[1] On November 10, 2011, the court dismissed this action with prejudice based upon Petitioner's failure to prosecute. However, Petitioner subsequently filed a motion to amend in which he alleged he did not timely receive the Report. The court granted Petitioner's motion and the case was re-opened, a copy of the Report was mailed to

The Magistrate Judge's Report and Recommendation is made in accordance 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation (Dkt. # 20 and 39). Petitioner filed objections to the Report and Recommendation on January 17, 2012. The court has carefully reviewed Petitioner's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims.

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in federal court. "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

---

Petitioner, and Petitioner was given time to file objections to the Magistrate Judge's Report.

Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (noting requirement for exhaustion of "all available state remedies as a prelude to this [§ 2241] action"); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand."  (internal quotation marks omitted)).  "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."  *Matthews v. Evatt*, 205 F.3d 907, 911 (4th Cir. 1997).  "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted."  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers."  *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (*discussing Braden*, 410 U.S. 484).

Here, the issues raised by Petitioner, both in his § 2241 Petition and his subsequent submissions, may be resolved either by subsequent direct and collateral appeals in state court.  After reviewing the record, the court finds that Petitioner has

failed to exhaust his claims.  Based on Petitioner's failure to exhaust his state court remedies, Petitioner's § 2241 Petition is dismissed without prejudice.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 20) and incorporates it herein.  Accordingly, this action is **DISMISSED** without prejudice and without requiring Respondent to file an answer.  Further, Petitioner's Motions to Appoint Counsel (Dkt. # 46) and for Summary Judgment (Dkt. # 48) are **DENIED as moot.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
March 7, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.